FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 20, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>MARY ANN BLIESNER, VALLEY PROCESSING, INC.,<br><br>                Defendants. | NO. 1:22-CR-02097-SAB<br><br>**PROTECTIVE ORDER** |

Before the Court are the United States' Unopposed Motion for Protective Order Regulating Disclosure of Discovery and Sensitive Information, ECF No. 17 and related Motion to Expedite, ECF No. 18. The motions were heard without oral argument. Defendants are represented by Carl Oreskovich; Andrew Wagley and Mark Vovos. The United States is represented by Daniel Fruchter and Tyler Tornabene.

The United States asks the Court to issue a Protective Order that governs the dissemination of discovery materials and the sensitive information contained therein. The United States indicates Defendants do not object to the proposed Protective Order. Good cause exists to grant the motions.

Accordingly, **IT IS HEREBY ORDERED:**

1. The United States' Unopposed Motion to Expedite, ECF No. 18, is **GRANTED**.

2. The United States' Unopposed Motion for Protective Order Regulating

**PROTECTIVE ORDER** ~ 1

Disclosure of Discovery and Sensitive Information, ECF No. 17 is **GRANTED**.

2. The Court enters the following Protective Order:

   **a. Production of Sensitive Financial Information**. The United States is authorized to disclose certain financial information that includes private and personally identifying information to Defendants, pursuant to the discovery obligations imposed by this Court.

   **b. Production of Health Information That May be Subject to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. 104-191, 45 C.F.R. § 160.103, 45 C.F.R. § 164.512, or Other Privacy Provisions**. The United States is authorized to disclose certain identifiable health information (defined as health information that is connected to a patient's name, address, Social Security number or other identifying number) to Defendants. The information produced may be subject to HIPAA, and to the provisions of 45 C.F.R. § 160.103, or to the provisions of 45 C.F.R. § 164.512, or other privacy provisions.

   **c. Production of Documents from Third-Party Companies**. The United States is authorized to disclose, to the extent disclosure of such information is constitutionally required or required by the Federal Rules of Criminal Procedure, confidential commercial information of third-party companies, including product manufacturing procedures, customer lists, and product specifications. Such confidential commercial information may also include trade secrets.

   **d. Production of Documents and Information from the FDA**. The United States is authorized to disclose documents and information from the U.S. Food and Drug Administration (FDA), which may consist of information that was provided to an officer or employee of the FDA in the course of his or her employment or official duties.

   **e. Production of Search Warrants and Documents Responsive Thereto**.

**PROTECTIVE ORDER** ~ 2

The United States is authorized to disclose documents related to the issuance of search warrants and documents and information responsive thereto in its possession pursuant to the discovery obligations imposed by this Court.

**f.** The United States is authorized to disclose all of the foregoing categories of documents, data, and information in unredacted form to counsel for Defendants. Upon producing these documents to Defendants, the United States shall designate them as "confidential" in the manner set forth below. Defendants' counsel, their personnel, and other members of the defense team may use these documents, data, and information only for purposes of the litigation, and as set forth below.

**g. Access to Confidential Information**. The right to access the material produced by the government shall only include (1) attorneys representing Defendants in this action; (2) experts whose review of that material is requested in connection with the presentation of the government's or Defendants' case; (3) investigators, law clerks, paralegals, secretaries, and document service providers employed by Defendants' attorneys whose review of that material is requested in connection with the preparation and presentation of Defendants' case; (4) Defendants; (5) attorneys and other agents of the United States involved in the prosecution of the above-captioned case; and (6) the Court and its staff. Nothing in this Order prohibits counsel from showing a document to a witness in the course of preparing the witness. All parties shall minimize, to the greatest extent possible, disclosure of the contents of documents governed by this Protective Order, and shall disclose such information only to the extent necessary to the prosecution or defense of this action, and only in a manner consistent with the terms of this Protective Order. The right to access the material governed by this Protective Order continues until final judgment has been upheld on direct appeal and collateral review, or until such review is exhausted.

**PROTECTIVE ORDER** ~ 3

**h. Reporting of violations of Protective Order.** Government personnel and counsel for Defendants shall promptly report to the Court any known violations of this Protective Order.

**i. Acknowledgements**. Attorneys for each Defendant shall inform any employee or official of any Defendant associated with the preparation of that Defendant's case of the terms of this Protective Order. If counsel for any Defendant, or if counsel for the United States, engages the services of non-government experts, investigators, or document service providers, whose review of documents is requested in connection with the prosecution or defense of this case, such non-parties must sign an acknowledgement of the Protective Order that (a) he/she has reviewed the Protective Order; (b) he/she understands its contents; (c) he/she agrees to access the documents only for the purposes of preparing for the case; and (d) he/she will not distribute any copies of any documents subject to the Protective Order absent further Order of the Court. Counsel for the United States and for each Defendant shall retain such signed acknowledgements until after final judgment has been upheld on direct appeal and collateral review. All counsel of record shall keep a list of the identity of each person to whom the materials governed by this Protective Order are disclosed and who was advised of the requirements of this Protective Order. Neither counsel for Defendants nor counsel for the United States shall be required to disclose this list of persons unless ordered to do so by the Court.

**j. Disposition of Confidential Information**. All material subject to this Protective Order, excluding all attorney work product of attorneys for any Defendant, must be either returned to the United States or destroyed upon its request after any final judgment has been upheld on direct appeal and collateral review, or such review is exhausted. Counsel for the United States may maintain one copy of any document in their case file and may maintain

**PROTECTIVE ORDER** ~ 4

copies of any notes or summaries based on such documents in their case file.

**k. Filing and Use of Confidential Information**. The parties shall not file confidential documents, data, and information with, or submit them to, the Court or reproduce their contents in any court filing unless the party files a motion for leave to file that document under seal, or all confidential or personally-identifiable information has been removed.

**l**. **Designation of Material Subject to this Protective Order**. To designate "confidential" material covered by this Protective Order, the United States shall so designate, on the material itself, in an accompanying cover letter, or on a diskette cover, by using the following designation: "CONFIDENTIAL – SUBJECT."

**m. Data Protections**. All confidential materials shall be stored in encrypted and/or password protected electronic media at all times.

**n. Confidential Information in Open Court**. The procedures for use of designated confidential documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider redacting confidential documents to remove financial or personal identifiers, request leave to submit such documents under seal, introduce summary evidence where practicable which may be more easily redacted, and assure that all Social Security numbers and other personal identifying information associated with the names of individual persons or patients have been removed. No party shall disclose designated confidential documents in open Court without prior consideration by the Court.

**o**. **Privileges are Maintained**. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the disclosure of documents and information generated by the FDA in connection with the above-entitled case does not constitute a waiver of the attorney-client privilege, the work-product protection, trade secrets, or

**PROTECTIVE ORDER** ~ 5

other applicable privilege or protection, in this or any other federal or state proceeding. Moreover, the production of the FDA documents does not constitute a waiver of the government's deliberative process privilege. Defendants and their counsel are, absent leave of this Court, barred from disclosing to any third party any federal government document that has been disclosed by the government in discovery in the above-captioned matter, except to the extent that defense counsel needs to do so for preparation or use at trial or any other proceeding in litigation of the above-captioned case, in a manner consistent with the terms of this Protective Order. Unless disclosed in open court, no documents used in this case will be considered to have been publicly disclosed by virtue of their production in this case. The United States maintains its right to protect such documents from any further requests for disclosure, consistent with the law.

**p. Modification Permitted**. Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper.

**q. No Ruling on Admissibility or Discoverability**. This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible.

**r. Use by Executive Branch Agencies or Congressional Entities**. Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, or to a Congressional entity, documents related to any potential violation of law or regulation, or relating to any matter within that agency's or entity's jurisdiction, nor shall anything in this Protective Order prevent or in any way limit or impair the use of such documents by an agency or Congressional entity in any proceeding relating to any potential violation of law or

**PROTECTIVE ORDER** ~ 6

regulation, or relating to any matter within that agency's or entity's jurisdiction, provided, however, that the agency or Congressional entity shall maintain the confidentiality of the documents consistent with the terms of this Protective Order.

**s. No Waiver**. The failure to designate any materials as provided in paragraph l shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

**IT IS HEREBY ORDERED**. The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 20th day of October 2022.



                                Stanley A. Bastian
                        United States District Judge

**PROTECTIVE ORDER** ~ 7