Vanessa R. Waldref
United States Attorney
Tyler H.L. Tornabene
Assistant United States Attorney
Eastern District of Washington
Post Office Box 1494
Spokane, WA 99210 1494
Telephone:  (509) 353-2767

UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>MARY ANN BLIESNER,<br>VALLEY PROCESSING, INC.,<br><br>                    Defendants | Case No.: 1:22-CR-2097-SAB<br><br>United States' Sentencing Memorandum |

The United States of America, by and through Richard R. Barker, Acting United States Attorney for the Eastern District of Washington, and Tyler H.L. Tornabene, Assistant United States Attorney, hereby respectfully submits its Sentencing Memorandum.   Consistent with the plea agreements in this case, the United States recommends that Defendant Bliesner be sentenced to three years of probation, followed by one year of supervised release, and that she, and Defendant Valley Processing, be ordered to pay a money judgment in the amount of $742,139. This recommendation is a fair, just, and reasonable sentence that is no greater than necessary to meet the interests of federal sentencing principles.

## I.    Background

The Defendants were indicted on September 13, 2022, with, *inter alia*,

US Sentencing Memo – 1

Conspiracy to Introduce Adulterated Food Into Interstate Commerce, in violation of 21 U.S.C. §§ 331(a), 333(a)(2) and 342(a)(1), (a)(3), (a)(4), (b)(3) and (b)(4), stemming from their participation in a years long scheme to sell adulterated, misbranded, and unsafe fruit juice and fruit juice concentrate nationwide.  *See* ECF No. 1.  On December 17, 2024, Defendant Valley Processing pleaded guilty to Count 1 of the Indictment, Conspiracy to Introduce Adulterated Food Into Interstate Commerce.  ECF No. 170.  On that same day, Defendant Bliesner pleaded guilty to Introducing Adulterated Food into Interstate Commerce in violation of 21 U.S.C. §§331(a), 333(a)(1), and 342(a)(1), (a)(3), (a)(4), (b)(3) and (b)(4) and Failure to Register a Food Facility in violation of 21 U.S.C. §§ 331(dd), 333(a)(1) and 350d.[1]

## II.    Offense Level and Criminal History

The United States has reviewed the draft Presentence Investigation Reports for each of the Defendants, (ECF Nos. 54 and 55), and has no objections to either. The United States does note that given the Guideline calculation for Defendant Bliesner in her PSIR (ECF No. 54), it would appear that she is eligible for a reduction of three (3) offense levels based on acceptance of responsibility under U.S.S.G. §3E1.1(a) and (b), and the United States requests that this Court include that in its calculation of Defendant Bliesner's offense level.

Accordingly, the United States calculates Defendant Bliesner's final offense level as 17.  *See* ECF No. 54 at 10.  The United States agrees with the PSIR that Defendant Bliesner has a criminal history score of 0 resulting in a Criminal History Category of I.  ECF No. 54 at 11.  This results, when combined with the statutory maximums of the offenses to which she has pleaded guilty, in a Guideline sentence of 24 months and being ineligible for probation under the Guidelines due to being in Zone D.  ECF No. 54 at 15.  For the reasons stated below, and consistent with the

---

[1] These violations are lesser included offenses of Counts 2 and 4, respectively, of the Indictment.

US Sentencing Memo – 2

plea agreement, the United States nonetheless recommends that this Court impose 3 years of probation as the term of incarceration for Defendant Bliesner, followed by 1 year of supervised release.  The United States further recommends that Defendant Bliesner be ordered, along with Defendant Valley Processing, to pay a money judgment in the agreed upon amount of $742,139, and that this Court impose no additional criminal fine.

As to Defendant Valley Processing, the United States agrees with the PSIR calculations resulting in an offense level of 22 and a total Culpability Score of 8. ECF No. 55 at 10.  The United States agrees that Defendant Valley Processing is no longer operational and therefore probation or imposition of a criminal fine (in addition to the agreed upon $742,139 money judgement) is not warranted here and should not be imposed on Defendant Valley Processing.

### III.    18 U.S.C. § 3553(a)

Pursuant to 18 U.S.C. § 3553(a), the Court must impose a sentence that is sufficient, but no greater than necessary, upon consideration of the following factors: (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the offense, as well as to afford deterrence, protect the public from further crimes of the defendant and provide the defendant training and treatment; (3) the kinds of sentences available; (4) the established Guidelines sentencing ranges; (5) the need to avoid unwarranted sentence disparity between defendants with similar records convicted of similar crimes; and (6) the need to provide restitution to the victims of the offense. 18 U.S.C. § 3553(a).

When all sentencing factors are considered in their totality, a sentence of 3 years of probation followed by 1 year of supervised release, a money judgment of $742,139 (joint and several with Defendant Valley Processing), and two $25 special penalty assessments for each count pleaded to, is just and appropriate as to

Defendant Bliesner.  As to Defendant Valley Processing, a sentence to pay the money judgment amount of $742,139, is appropriate and should be imposed by this Court, along with the required special penalty assessment of $400.

**IV.    Conclusion**

The United States recommends the respective sentences be imposed as to the Defendants in this case consistent with their respective plea agreements.

DATED June 4, 2025.

Richard R. Barker
United States Attorney

*s/Tyler H.L. Tornabene*
Tyler H.L. Tornabene
Eastern District of Washington
Post Office Box 1494
Spokane, WA 99210 1494
Telephone:  (509) 353-2767
*Assistant United States Attorney*

**CERTIFICATE OF SERVICE**

1   I hereby certify that on June 4, 2025, I electronically filed the foregoing with

2   the Clerk of the Court using the CM/ECF system which will send notification of

3   such filing to the following:

4   Carl Oreskovich
    Etter, McMahon, Lamberson, Van Wert & Oreskovich, P.C.
5   618 W. Riverside Ave., Ste. 210
6   Spokane, WA 99201
    Phone: (509) 747-9100
7   Fax: (509) 623-1439

8
    Bevan Maxey
9   Maxey Law Offices PLLC
10  1835 West Broadway Ave.
    Spokane, WA 99201
11  Phone: (509) 652-3330

12
                                    _s/Tyler H.L. Tornabene_
13                                  Tyler H.L. Tornabene
14                                  Assistant United States Attorney

15

16

17

18

19

20

21

22

23

24

25

26

27

28

US Sentencing Memo – 5