Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
Etter, McMahon, Lamberson,
Van Wert & Oreskovich, P.C.
618 West Riverside Avenue, Suite 210
Spokane, WA  99201
(509) 747-9100
(509) 623-1439 Fax
Email: carl@ettermcmahon.com
Email: awagley@ettermcmahon.com
*Attorneys for Defendant Mary Ann Bliesner*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>  v.<br><br>MARY ANN BLIESNER,<br><br>               Defendants. | Case No. 1:22-CR-2097-SAB-1<br><br>**DEFENDANT MARY ANN BLIESNER'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE**<br><br>Sentencing Hearing:<br> June 17, 2025 at 1:30 pm<br> Yakima, WA |

COMES NOW, Defendant Mary Ann Bliesner, by and through her attorneys of record, Carl J. Oreskovich and Andrew M. Wagley of Etter, McMahon, Lamberson, Van Wert & Oreskovich, P.C., and hereby submits the following Sentencing Memorandum and Motion for Downward Variance.  Mrs.

Defendant Mary Anny Bliesner's Sentencing
Memorandum and Motion for Downward
Variance—Page  1

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Bliesner hereby incorporates her Objection to the Draft Presentence Investigation Report ("PSR") as if restated verbatim herein.  (*See* ECF No. 56.)

Mrs. Bliesner respectfully requests that the Court follow the joint recommendation of three years of probation contained in the heavily-negotiated Plea Agreement.  (*See* ECF No. 46 at 16.)  Mrs. Bliesner is 83-years-old and supposed to be in the twilight of her life.  This case has caused her substantial stress, humiliation, and uncertainty.  After spending over 40 years in business, Mrs. Bliesner has lost everything she has spent her life building, at a time she is most vulnerable based upon her advanced age.  She acknowledges her wrongdoing and would like to put this matter behind her so she may enjoy the remainder of her retirement with her family and husband of over 60 years.

## **PERTINENT BACKGROUND**

Before the Court for sentencing is 83-year-old Mary Ann Bliesner, the former President and primary owner of juice processor Valley Processing, Inc. ("VPI").  On December 17, 2024, Mrs. Bliesner pled guilty to two Class A Misdemeanors: Count 2—Introduction of Adulterated Foods into Interstate Commerce (21 U.S.C. §§ 331(a), 333(a)(1)); and Count 4—Failure to Register a Food Facility (21 U.S.C. §§ 331(dd), 333(a)(1)).  (ECF No. 46.)  Both of these Class A Misdemeanors are satisfied by a negligence standard and do not require

Defendant Mary Anny Bliesner's Sentencing
Memorandum and Motion for Downward
Variance—Page  2

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

a *mens rea* or intent to defraud.  (*See id*. at 5-6.)  That is, a violation of §

333(a)(1) is "a strict liability misdemeanor offense."  *United States v. Marschall*,

82 F.4th 774, 781–82 (9th Cir. 2023).

The Plea Agreement provides that as President of VPI, Mrs. Bliesner "was

knowledgeable, or had the ability to become knowledgeable, of the purchase,

receipt and storage of all fruit and raw materials at VPI [and] fruit production

into juices, concentrates, and purées at VPI."  (ECF No. 46 at 7.)  In the Plea

Agreement, Mrs. Bliesner acknowledges that as President of VPI, she "had

overall responsibility for VPI's sales to customers and oversaw all operations of

VPI."  (*Id*.)

Regarding the Failure to Register count, the Plea Agreement provides in

pertinent part:

> . . . Defendant and VPI, owned, operated, and used the Grape
> Road Facility, located at 130 U.S. Grape Road, Sunnyside,
> Washington, to house, hold, and store grape juice products
> including grape juice concentrate. . . . While Defendant and VPI
> registered the Blaine Avenue Facility with the FDA, Defendant
> did not register the Grape Road Facility with the FDA as required
> by federal food safety laws. . . .  Defendant and VPI kept earlier
> seasons' unsold grape juice concentrate in the Grape Road
> Facility, sometimes for many years.

(ECF No. 46 at 12.)  Regarding the Introduction of Adulterated Foods count, the

Plea Agreement indicates:

Defendant Mary Anny Bliesner's Sentencing
Memorandum and Motion for Downward
Variance—Page 3

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

> In addition to storage at the Grape Road Facility, VPI stored grape juice concentrate in open air at ambient temperature and uncontrolled conditions at and outside the Blaine Road Facility, sometimes for years.  VPI then use that product to fill customer orders by selling and shipping the product as it was; blending it with other product and assigning a new lot number and production date to the blend product that reflected the date of blending, not the date of production; or "reworking" old product by rehydrating, reprocessing, and re-pasteurizing it, and then reassigning the "reworked" product with a new lot number and production ate that reflected the date of the "rework" rather than the original production date.

(*Id.* at 13.)

The Plea Agreement was reached following substantial negotiations.  In the "Incarceration" section, the Plea Agreement provides: "The United States and Defendant agrees to jointly recommend a sentence of 3 years of probation." (ECF No. 46 at 16.)  The Plea Agreement also provides for "a $742,139 money judgment payable at the time of sentencing."  (*Id.* at 18 (further noting "the money judgment is joint and several with Defendant VPI.").)  Additionally, the Plea Agreement provides that "[t]he United States agrees to recommend no additional criminal fine."  (*Id.* at 17.)

Mrs. Bliesner (née Harris) was born October 4, 1941 in Spokane, WA. (ECF No. 54 at 12.)  Mrs. Bliesner is the oldest of three sisters and grew up on a chicken farm.  (*Id.* at 12.)  She describes her childhood as pleasant, noting

Defendant Mary Anny Bliesner's Sentencing
Memorandum and Motion for Downward
Variance—Page 4

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

"enjoyable memories" and that "their family life was peaceful." (*Id*.)  Mrs. Bliesner graduated from Freeman High School in 1959 and went on to briefly attend college at Eastern Washington State College (now Eastern Washington University) and North Idaho Junior College (North Idaho College).  (*Id*. at 14.) However, Mrs. Bliesner never finished college, instead becoming a self-made businesswoman with VPI.

In 1962, Mrs. Bliesner married Erwin "Gene" Bliesner and they went on to have three sons.  (ECF No. 54 at 12.)  The Bliesners have been happily married for 63 years.  (*See id*.)  The Bleisners have resided in the Sunnyside community for well over 50 years.  (*See id*.)  At the age of 86, Mr. Bliesner is a semi-retired Concord grapes and apple farmer.  (*Id*.)

In 1980, Mrs. Bliesner began working as an accountant for VPI.  (ECF No. 54 at 14.)  In July 1984, Mrs. Bliesner bought out the previous owner and took over control of VPI.  (*Id*.)  Mrs. Bliesner thereafter expanded VPI, earning a reputation as the "grape lady" and was very well-respected as a businesswoman. (*Id*.)  Prior to her retirement, Mrs. Bliesner was a pioneer in the male-dominated industry.  (*See id*. at 9.)  In relation to community activities, Mrs. Bliesner is a member of the Rotary Club (for over 40 years and past President), previously served on the Sunnyside Hospital Board (for many years and past President),

Defendant Mary Anny Bliesner's Sentencing
Memorandum and Motion for Downward
Variance—Page 5

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

and served on the Board of a local Sunnyside bank.  (*Id.* at 13.)  However, based upon the Criminal Indictment Mrs. Bliesner resigned as President of the Sunnyside Hospital Board to avoid any harm to the organization.  (*See id.*)

At the time of the offense conduct, Mrs. Bliesner was in her mid-to-late 70s.  Based upon her age, Mrs. Bliesner was moving towards retirement and admittedly not paying as much attention to VPI as warranted.  (*See* ECF No. 54 at 9.)  She had relinquished many job duties to others at VPI, including her son, and trusted these individuals to adequately run the company.  The early-to-mid 2010s was also a period of expanding FDA administrative regulations.  *See, e.g.,* 21 C.F.R. § 117.110(b) (regulation effective November 2015 provides "[t]he mixing of a food containing defects at levels that render that food adulterated with another lot of food is not permitted and renders the final food adulterated, regardless of the defect level of the final food"); *accord Current Good Manufacturing Practice and Hazard Analysis and Risk-Based Preventive Controls for Human Food*, 78 FR 3646-01, 2013 WL 153084 (January 2013 proposed rule change affecting Hazard Analysis and Critical Control Point (HACCP) Plans and Critical Control Points (CCP)).  Mrs. Bliesner is remorseful and embarrassed by her conduct.  As noted in the Draft Presentence Investigation Report ("PSR"):

Defendant Mary Anny Bliesner's Sentencing
Memorandum and Motion for Downward
Variance—Page 6

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

> Mrs. Bliesner spoke significantly about the amount of pride she had based upon her history in the industry, noting that she was one of the first women to break into the field and had spent many years building her business and earning the respect of others (mostly men) in the industry.  Based on her years of hard word, the allegations contained in the instant offense bother her "greatly."

(ECF No. 54 at 9.)

The 2014 crop year was also substantial for Concord grapes.  As a result, VPI ran out of space to store the Concord grape product.  At the same time, VPI was under contractual obligations with farmers and co-op members to sell the product.  As indicated in the Draft PSR:

> Ms. Bliesner advised this officer that her business was experiencing "huge crops" which resulted in the business having too much product which could not be sold.  She indicated that the industry "lost the Korean market" which further impacted their ability to sell product.  As a result, the excess product "just kind of sat there."  According to Ms. Bliesner, she knows that it was not "the proper way" to handle the excess product but noted that the product was "not hurting anybody."  The defendant went on to explain that there was additional costs involved in the proper processing of the excess products for disposal.

(ECF No. 54 at 9.)

Prior to the Criminal Indictment, the United States also filed a civil administrative action against Mrs. Bliesner and VPI.  (*See United States v. Valley Processing, Inc. et al.*, Eastern District of Washington Case No. 1:20-

Defendant Mary Anny Bliesner's Sentencing Memorandum and Motion for Downward Variance—Page 7

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201  (509) 747-9100

CV-3191-SAB.)  On January 14, 2021, this Court entered a Consent Decree of Permanent Injunction.  (*See id*., ECF No. 3.)  As a result of the civil action, Mrs. Bliesner was forced to sell VPI at a substantial loss.  To this day, Mrs. Bliesner continues to pay substantial financial obligations associated with VPI, including payments associated with the personal guaranty of a Port of Sunnyside lease.

At the age of 83, Mrs. Bliesner suffers from Chronic Obstructive Pulminary ("COPD") and hypertension.  (ECF No. 54 at 13.)  Both conditions require prescription medications.  (*Id*.)  Although she does not require oxygen for her COPD, she suffers from shortness of breath and fatigue from physical exertion.  (*Id*.)  Mrs. Bliesner has no history of substance abuse.  (*Id*.)  As noted in the PSR, she "has no criminal history and has been a contributing member of the Sunnyside community for more than 50 years."  (*Id*. at 17.)  Mrs. Bliesner will be prepared to address the Court at the Sentencing Hearing.

## **MEMORANDUM OF LAW**

Title 18, Section 3553(a) directs that "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection."  In this vein, the Court shall consider the "nature and circumstances of the offense <u>and the history and characteristics of</u>

Defendant Mary Anny Bliesner's Sentencing
Memorandum and Motion for Downward
Variance—Page 8

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

the defendant." 18 U.S.C. § 3553(a)(1). The Court shall also consider the need

for the sentence imposed:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). The Court is also to consider "the need to avoid

unwarranted sentence disparities among defendants with similar records who

have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(7).

Pursuant to the "remedial regime" established in *United States v. Booker*,

543 U.S. 220 (2005), the "Guidelines are no longer mandatory but are only

advisory." *United States v. Carty*, 520 F.3d 984, 990 (9th Cir. 2008).

Nevertheless, the Guideline Range is still "'the starting point and the initial

benchmark.'" *Carty*, 520 F.3d at 991 (quoting *Kimbrough v. United States*, 552

U.S. 85, 108 (2007)); *accord United States v. Cuevas-Lopez*, 934 F.3d 1056,

1061 (9th Cir. 2019). However, the Court "may not presume that the Guidelines

range is reasonable," and the factors contained in 18 U.S.C. § 3553 are the

overarching guide in the Court's determination. *Carty*, 520 F.3d at 991. The

Defendant Mary Anny Bliesner's Sentencing
Memorandum and Motion for Downward
Variance—Page 9

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

Court "must make an individualized determination based on the facts." *Carty*, 520 F.3d at 991.

Pursuant to the USSG § 5H1.1 Policy Statement, "[a]ge may be relevant in determining whether a departure is warranted." As such, "[a]ge may be a reason to depart downward in a case in which the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration." USSG § 5H1.1.

> The age-crime curve, one of the most consistent findings in criminology, demonstrates that criminal behavior tends to decrease with age. Age-appropriate interventions and other protective factors may promote desistance from crime. Accordingly, in an appropriate case, the court may consider whether a form of punishment other than imprisonment might be sufficient to meet the purposes of sentencing.

*Id*. Furthermore, based upon the circumstances of the offense and Mrs. Bliesner's lack of criminal history, she would qualify for the USSG § 4C1.1 Adjustment for Certain Zero-Point Offenders.

In the situation at hand, a sentence of three years of probation is sufficient, but not greater than necessary. This joint recommendation is the result of extensive plea bargaining to resolve this matter. Mrs. Bliesner is 83-years-old, suffers from COPD and hypertension, and is in her twilight years. She has extremely strong ties to the community, including her husband of over 60 years,

Defendant Mary Anny Bliesner's Sentencing
Memorandum and Motion for Downward
Variance—Page 10

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201    (509) 747-9100

three children, and multiple grandchildren.  Mrs. Bliesner acknowledges her wrongdoing and has suffered severe stress and public humiliation.  As she is elderly and retired, there is no risk of recidivism.  She is before the Court for sentencing on two FDA Class A Misdemeanors.

Based upon her advanced age, Mrs. Bliesner's vulnerability is at its peak. She has lost the business she spent her life building and suffered tremendous harm to her reputation.  She continues to be burdened with financial obligations associated with VPI, which she was forced to sell at a substantial loss.  Based upon the 3553 factors, three years of probation provides respect for the law, just punishment, and adequate deterrence.

## CONCLUSION

Based upon the foregoing, Mrs. Bliesner respectfully requests that the Court follow the joint recommendation in her Plea Agreement of no jail time and three years of probation.

RESPECTFULLY SUBMITTED this 6th day of June, 2025.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.

By:  /s/ Andrew M. Wagley
Carl J. Oreskovich, WSBA #12779
Andrew M. Wagley, WSBA #50007
*Attorneys for Defendant Mary Ann Bliesner*

Defendant Mary Anny Bliesner's Sentencing
Memorandum and Motion for Downward
Variance—Page 11

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201  (509) 747-9100

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 6, 2025, I electronically filed the forgoing document with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the attorneys of record.

EXECUTED in Spokane, Washington on June 6, 2025.

By:  /s/ Jodi Dineen
               Jodi Dineen, Paralegal

Defendant Mary Anny Bliesner's Sentencing
Memorandum and Motion for Downward
Variance—Page  12

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100